

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00104-CR

JOSHUA LEE CAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 30,688-A, Honorable Dan L. Schaap, Presiding

October 25, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Before this Court is a motion to withdraw supported by an *Anders* brief.  Appellant, Joshua Lee Cal, appeals his conviction after the trial court found him guilty of aggravated robbery with an affirmative finding on use of a deadly weapon, enhanced by a prior felony conviction.  The trial court sentenced Appellant to thirty years' confinement.

In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  In support of his motion to withdraw, counsel certifies he has conducted a

___

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).[2] Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408. By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23.

Appellant filed a response and a *Motion for Relief From Judgment*, which we interpret as a supplement to his response, by which he raises numerous claims he contends require reversal of his conviction or at the least, a reduced sentence. The State filed a letter indicating it would not be filing a brief unless this Court determines that this appeal has merit and remands the case for appointment of new counsel.

When we have an *Anders* brief by counsel and a pro se response by an appellant, we have two choices. We may determine, as we have in this case, that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and

---

[2] We note the perils of cutting and pasting in a document. In the brief, counsel recites that he reviewed voir dire proceedings and the court's charge, but Appellant waived a jury trial, hence no voir dire or charge to review.

2

find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se responses, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826–27.

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.[3]

Alex L. Yarbrough
Justice

Do not publish.

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, *counsel must comply* with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33